Allen R. Dyer, Esq.
(Fed. MD Dist. Bar No. 19624)
(Fed 4th Cir. Bar No. 8361)
Law Office of Allen Dyer
13340 Hunt Ridge
Ellicott City, Maryland 21042
410-531-3965 / aldyer@lawlab.com
Plaintiff *pro se*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

| | |
|---|---|
| **ALLEN R. DYER**<br>13340 Hunt Ridge<br>Ellicott City, Maryland 21042<br><br>Plaintiff<br>vs.<br><br>**JAMES K. BREDAR**, Chief Judge<br>United States District Court for<br>Maryland, Northern Division<br>101 West Lombard Street<br>Baltimore, MD 21201<br>Residence: Maryland<br>(individual and official capacity);<br><br>**DIANA JANE GRIBBON MOTZ**, Circuit Judge<br>United States Court of Appeals<br>for the Fourth Circuit<br>Lewis F. Powell Jr. Courthouse & Annex<br>1100 East Main Street, Suite 501<br>Richmond, VA 23219<br>Residence: Maryland<br>(individual and official capacity); | Civil Action No.: _____<br><br>**VERIFIED COMPLAINT**<br><br>**CIVIL RIGHTS ACTION**<br><br>DECLARATORY RELIEF<br><br>COURT COSTS (NOT INCLUDING ATTORNEY FEES) |

| | |
|---|---|
| **BARBARA MILANO KEENAN**, Circuit Judge ) <br> United States Court of Appeals ) <br> for the Fourth Circuit ) <br> Lewis F. Powell Jr. Courthouse & Annex ) <br> 1100 East Main Street, Suite 501 ) <br> Richmond, VA 23219 ) <br> Residence: Virgina ) <br> (individual and official capacity); ) <br> ) <br> **WILLIAM BYRD TRAXLER JR.**, Senior Judge ) <br> United States Court of Appeals ) <br> for the Fourth Circuit ) <br> Lewis F. Powell Jr. Courthouse & Annex ) <br> 1100 East Main Street, Suite 501 ) <br> Richmond, VA 23219 ) <br> Residence: South Carolina ) <br> (individual and official capacity) ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No.: _____ <br><br> **VERIFIED COMPLAINT** (cont.) <br><br><br> **CIVIL RIGHTS ACTION** <br><br> DECLARATORY RELIEF <br><br> COURT COSTS (NOT INCLUDING ATTORNEY FEES) |

## INTRODUCTION

Plaintiff **ALLEN R. DYER** (hereinafter "Plaintiff") is a member of the federal bar of the United States District Court for Maryland and the United States Court of Appeals for the Fourth District as well as a member of the Maryland State bar. As a direct result of Plaintiff's efforts to serve and protect the UNITED STATES CONSTITUTION and the rights of Maryland citizens guaranteed by the UNITED STATES CONSTITUTION and the Constitution of the State of Maryland, Plaintiff

2

faces administrative disciplinary action approved and authorized by the four

Defendant federal judges.

In the pursuit of constitutional civil rights, Plaintiff files this federal civil

rights action seeking declaratory relief and court costs (no legal fees) against the

four Defendant judges for committing acts, under color of law, with the intent, and

for the purpose of, depriving Plaintiff of rights secured under the CONSTITUTION

and laws of the United States, and, to prevent certain future harm to the

constitutional rights all attorneys serving as members of any federal bar and to

members of the public to which lawyers, as officers of the court are, by sworn

duty, bound to serve.

## JURISDICTION

1.      This Court has jurisdiction over this action pursuant to Title 28 U.S.C.

§1331 (federal question) in that the controversy arises under the UNITED STATES

CONSTITUTION and 28 U.S.C. §§2201 and 2202.  Each and all of the acts (or threats

of acts) alleged herein were done by Defendant federal judges, or their officers,

agents, and employees, under color and pretense of laws, rules, regulations,

customs and usages of the Defendant federal judges.

2.      Plaintiff brings this action against the four Defendant federal judicial

officers named herein, pursuant to Title 28 U.S. Code § 1331, in claims arising

from violations of federal constitutional rights guaranteed in the FIRST

AMENDMENT to the U.S. CONSTITUTION and redressable pursuant to *Bivens v. Six*

*Unknown Narcotics Agents* 403 U.S. 388 (1971).

3.      The declaratory relief sought is authorized by 28 U.S.C. §§ 2201 and

2202 and Rule 57 of the *Federal Rules of Civil Procedure*.

## VENUE

4.      Venue is proper in the District of Maryland, Northern Division under

28 U.S.C. § 1391(b) and Local Rule 501 because at least one of the Defendants

resides, or is administratively located, in the Maryland District, Northern Division

and a substantial part of the events giving rise to the claims in this action occurred

in this district and division.

## PARTIES

Plaintiff brings this *Verified Complaint* against the above-named

Defendants, and in support thereof alleges the following:

### Plaintiff

5.      Plaintiff is a natural person, an adult, a citizen of the United States, a

member of the bar of the Maryland District Court (Fed. Dist. Bar No. 19624), a

member of the bar of the Fourth Circuit Court of Appeals (Fed 4th Cir. Bar No.

8361) and at all times relevant herein, was a resident of Howard County, Maryland.

**The Four Defendants**

6.      Defendant **JAMES K. BREDAR** is Chief Judge of the United States
District Court for Maryland.  **JUDGE BREDAR** may be served with process at the
United States District Court for Maryland located at: 101 West Lombard Street;
Baltimore, MD  21201.  At all times relevant herein, Defendant **BREDAR** was an
appointed judge of the United States District Court for Maryland.

7.      Upon information and belief, Defendant **JAMES K. BREDAR** is a
citizen of the United States and a resident of Maryland.  He is sued in his
individual and official capacity.

8.      Defendant **DIANA JANE GRIBBON MOTZ** is a United States Circuit
Judge of the United States Court of Appeals for the Fourth Circuit.  **JUDGE MOTZ**
may be served with process at the United States Court of Appeals for the Fourth
Circuit at: Lewis F. Powell Jr. Courthouse & Annex; 1100 East Main Street, Suite
501; Richmond, VA 23219.  At all times relevant herein, Defendant **MOTZ** was an
appointed judge of the United States Court of Appeals for the Fourth Circuit.

9.      Upon information and belief, Defendant **MOTZ** is a citizen of the
United States and a resident of Maryland.  She is sued in her individual and official
capacity.

10.     Defendant **BARBARA MILANO KEENAN** is a United States Circuit Judge of the United States Court of Appeals for the Fourth Circuit.  **JUDGE KEENAN** may be served with process at the United States Court of Appeals for the Fourth Circuit at: Lewis F. Powell Jr. Courthouse & Annex; 1100 East Main Street, Suite 501; Richmond, VA 23219.  At all times relevant herein, Defendant **KEENAN** was an appointed judge of the United States Court of Appeals for the Fourth Circuit.

11.     Upon information and belief, Defendant **KEENAN** is a citizen of the United States and a resident of Virginia.  She is sued in her individual and official capacity.

12.     Defendant **WILLIAM BYRD TRAXLER JR.** is a Senior United States Circuit Judge of the United States Court of Appeals for the Fourth Circuit.  Judge **TRAXLER** may be served with process at the United States Court of Appeals for the Fourth Circuit at: Lewis F. Powell Jr. Courthouse & Annex; 1100 East Main Street, Suite 501; Richmond, VA 23219.  At all times relevant herein, Defendant **TRAXLER** was an appointed judge of the United States Court of Appeals for the Fourth Circuit.

13.     Upon information and belief, Defendant **TRAXLER** is a citizen of the United States and a resident of South Carolina.  He is sued in his individual and official capacity.

14.     At all times relevant, all of the acts of the four Defendants, their officers, agents, servants, and employees, as alleged herein, were done or are threatened to be done under color and pretense of the rules, regulations, customs, official policies, official procedures, and usages of the U.S. District Court of Maryland or the U.S. Court of Appeals for the Fourth Circuit.

## STATEMENT OF FACTS

15.     **No factual disputes** — The operative facts on which the Maryland Court of Appeals based its decision to publicly reprimand Plaintiff are undisputed.

**FIRST AMENDMENT & Jurisdiction Notice Facts**

16.     **State Disciplinary Jurisdiction Questioned** — Given the uncontested operative facts in the underlying matter, Plaintiff expressly challenged the disciplinary jurisdiction of the Maryland Court of Appeals (MD. RULES 19-308.5 & 19-707) to impose any discipline on Plaintiff because such judicial action would be in violation of the FIRST AMENDMENT and, thus, beyond the Court's jurisdiction to impose discipline.  MD. RULE 16-723 Confidentiality (in effect until June 30, 2016) and MD. RULE 19-707 Confidentiality (effective as of

July 1, 2016), hereafter, the  Disciplinary Confidentiality Rules of the Maryland Court of Appeals.

17.     **Federal Disciplinary Jurisdiction Questioned** — Given the uncontested operative facts in the underlying matter, Plaintiff expressly challenges the disciplinary enforcement jurisdiction of this Court (Local Rules 703; 705.1.f, hereinafter, the "Disciplinary Confidentiality Rules of the U.S. District Court for Maryland ") to impose discipline on Plaintiff because such judicial action would be in violation of the FIRST AMENDMENT and, thus, beyond the Court's jurisdiction to impose discipline.  U.S. District Court of Maryland LOCAL RULE 705.1.f.  reads:

> f) Confidentiality
>
> Proceedings under L. R. 705.1 shall be confidential unless otherwise ordered in a final order in a disciplinary proceeding, except that any opinion and order entered by the Court disbarring, suspending, or publicly reprimanding an attorney-respondent shall be placed on the public record, along with any panel's report and recommendation and exhibits, but only if said exhibits are expressly incorporated into the final order.  An attorney-investigator's report and supporting materials shall not be publicly disclosed without prior approval by the Disciplinary and Admissions Committee.[1]

18.     **Constitutional Question** — Plaintiff argues that, given the operative facts in this matter: (A) the relevant disciplinary rules expressly impose a duty of confidentiality on Plantiff; and, (B) the release of any "confidential" information is subject to the discretionary authority of the attorney disciplinary bodies of the

---

[1]  U.S. District Court of Maryland Local Rules (July 1, 2016).

Maryland Court of Appeals, the United States District Court for Maryland, and the United States Court of Appeals for the Fourth Circuit.  Accordingly, Plaintiff attorney's freedom of speech has been, and continues to be, unconstitutionally suppressed.  *In re Warner*, 21 So. 3d 218 (La. 2009);  *R.M. v. Supreme Ct. of New Jersey*, 185 N.J. 208 (N.J. 2005);  *Doe v. Doe*, 127 S.W.3d 728 (Tenn. 2004);  *In re Petition of Brooks*, 140 N.H. 813 (N.H. 1996);  *Doe v. Supreme Ct. of Florida*, 734 F.Supp. 981 (S.D. Fla. 1990);  *Landmark Communications, Inc. v. Virginia*, 435 U.S. 829 (1978).

19.     All of the acts of the Defendants, their officers, agents, servants, and employees, as alleged herein, were done or are threatened to be done under color and pretense of the rules, regulations, customs, official policies, official procedures, and usages of the U.S. District Court of Maryland or the U.S. Court of Appeals for the Fourth Circuit.

20.     **Standing** — *Ab initio,* Plaintiff raised a FIRST AMENDMENT constitutional question regarding mandatory "private and confidential" attorney grievance proceedings in the underlying matter; continued to refuse to participate in mandatory confidential meetings for the duration of the Maryland attorney grievance process as well as for the duration of the federal reciprocal discipline process;  and, repeatedly reminded the state and federal courts of said FIRST

AMENDMENT constitutional question at each level of review or adjudication in the Maryland and federal attorney grievance proceedings *sub judice*.

21.     Standard of Review: **Strict scrutiny rule** — Government regulation of speech based on its content, such as the confidentiality provisions of attorney grievance rules, is presumptively invalid, "and the Government bears the burden to rebut that presumption." *United States v. Playboy Entm't Grp.*, 529 U.S. 803, 817 (2000).  To pass strict scrutiny, the government action must: further a "compelling governmental interest;" must be narrowly tailored to achieve that interest; and, must be the least restrictive means for achieving that interest. *Loving v. Virginia*, 388 U.S. 1, 11 (1967).

**Howard County Council Approves a 2013 Comprehensive Zoning Plan**

22.     On July 25, 2013, the Howard County Council unanimously approved Council Bill 32-2013, a 2013 Comprehensive Zoning Plan for Howard County, pursuant to a detailed legislative process set forth in Section 16.203 of the Howard County Code.

23.     Subsequent to passage of the 2013 Comprehensive Zoning Plan, concerned citizens grouped together to form "Citizens Working to Fix Howard County (FIXHOCO)" a civic group that functioned to, *inter alia*, organize and

operate a referendum petition drive to overturn many of the more controversial aspects of the 2013 Comprehensive Zoning Plan.

24.     On August 16, 2013, Citizens Working to Fix Howard County (FIXHOCO) submitted to the Howard County Election Director a proposed petition for referendum pertaining to parts of Howard County Council Bill Number 32-2013 and requested an advanced determination of sufficiency.

25.     On August 20, 2013, Howard County Election Director  determined that the proposed petition complied with the technical requirements of the Maryland Election Law Article, COMAR regulations, and the Howard County Charter and Code, concerning the front page formatting of the petition.

26.     On October 4, 2013, Citizens Working to Fix Howard County (FIXHOCO) submitted to the Howard County Board of Elections Office 777 petition pages containing 3454 signatures for a referendum pertaining to parts of Howard County Council Bill Number 32-2013.

27.     On October 21, 2013, the Howard County Board of Elections made an interim determination that the submitted 2013 Referendum Petition pages contained sufficient valid signatures to continue gathering signatures for the remaining referendum process.

28.     On October 30, 2013, Shafqet Ashai, and nine other persons

consisting of owners or contract purchasers of properties which the 2013

Referendum Petition sought to impact, filed a *Petition for Judicial Review* of the

2013 Referendum Petition, Case 13-C-13 96866, in Howard County Circuit Court.

29.     On November 26, 2013, Guy C. Mickley, Chief Election Official,

Howard County Board of Elections, issued a letter stating:

> ... I determined that the petition submitted to the Howard
> County Board of Elections does not meet all legal requirements
> as set forth in 6-20l(c)(2)(i) of the election law which states, "a
> fair and accurate summary of the substantive provisions of the
> proposal" is required if the petition seeks to place a question on
> the ballot.
>
> I am unable to grant certification for this petition on Howard
> County Council Bill Number 32-2013.
> ....

30.     As a matter of information and belief, the Howard County Chief

Election Official is subordinate to the State Administrator for  the Maryland State

Board of Elections with regard to approval of petition advance determinations.

*See:* Md. Election Law Article. Section 6-210. Schedule of process (a)  Request for

advance determination Section 6-210 & Duties of the State Board and State

Administrator Appendix to Bylaws of the Maryland State Board of Elections.

https://elections.maryland.gov/about/SBE_Bylaws_Final_09_24_09.pdf (Last

accessed October 22, 2019).

31.     As a matter of public record, well prior to November 26, 2013 and continuing to the present, Linda H. Lamone serves as State Administrator for the MD State Board of Elections.  *See:* https://elections.maryland.gov/about/staff.html Last accessed October 22, 2019.

32.     Maryland Election Law Article Section 2-301 prohibits the State Administrator for the MD State Board of Elections, *inter alia*, from holding any other office created by the Constitution or laws of Maryland via Election Law Section 2-301 which states in pertinent part:

> Section 2-301. Bar to political activities
>    (a)  Applicability. --  This section applies to:
>            (1)  a member of the State Board;
>            (2)  a regular or substitute member of a local board;
>            (3)  the State Administrator;
>            (4)  an employee of the State Board or of a local board, including the election director of a board;
>            (5)  counsel appointed under Section 2-205 of this title; and
>            (6)  an election judge.
>    (b)  In general. --
>            (1)  An individual subject to this section may not, while holding the position:
>                    (i)  hold or be a candidate for any elective public or political party office or any other office created under the Constitution or laws of this State;
>                    ....

33.     On May 1, 2014, Plaintiff entered his appearance as a *pro-bono* co-counsel on behalf of individual members of Citizens Working to Fix Howard County and petition circulators in the consolidated 2013 referendum litigation, *In*

13

*the Matter of  Shafqet Ashai, et al.*, *For the Judicial Review of the Decision of the Howard County Board of Elections*, Case 13-C-13 96866.

34.     From October 30, 2013, through February 5, 2016 the listing of docket filings in the consolidated 2013 referendum litigation accumulated to 76 pages which seems more than sufficient to burnish the jewels of wisdom in Judge Joseph Getty's observation: "The road to Maryland's political graveyard is paved with multitudes of failed referendum petitions and good intentions of petition circulators and referendum strategists." *Atty. Griev. Comm'n v. Dyer*, 453 Md. 585, 595 (2017).

35.      On August 22, 2014, amidst the lengthy October 2013–February 2016  referendum litigation, William E. Erskine, an opposing counsel representing a number of the owners or contract purchasers of properties which the 2013 Referendum Petition sought to impact, filed a letter of complaint with the Maryland Attorney Grievance Commission (hereinafter "MD A.G. Commission") against Plaintiff and co-counsel relevant to the *pro-bono* legal work done by Plaintiff and co-counsel in support of the on-going referendum litigation.

36.     On September 2, 2014, opposing counsel W.E. Erskine filed a supplement to his August 22, 2014 letter of complaint with the MD A.G.

Commission against Plaintiff and his co-counsel in the originating referendum litigation.

37.     On September 15, 2014, the MD A.G. Commission sent a letter to Plaintiff marked  "PRIVATE AND CONFIDENTIAL" stating: "The Attorney Grievance Commission of Maryland has docketed a complaint against you."   An exchange of letters relating to the constitutionality of forced confidential disciplinary proceedings between the Commission and Plaintiff followed.  (Case 1:18-mc-00237, ECF: Document 5-6  Filed 04/22/18  Page 7-8).

38.     MARYLAND COURTS AND JUDICIAL PROCEEDINGS ARTICLE § 1-201 creates authority for the rule making authority of the Maryland Court of Appeals.

39.     The MD A.G. Commission, generally, is established by MD Rule 19-702 and the Chair of the A.G. Commission is established by MD Rule 19-702(d). Further, pursuant to MD Rule 19-702(i) "When a request for action under this Chapter is subject to the approval of the Chair of the Commission, the Chair's approval of the request is final and shall be reported to the Commission. ...."

40.     As a matter of public record, since well prior to September 15, 2014 and continuing to the present, Linda H. Lamone serves as Chair of the MD A.G. Commission.  *See:* https://www.courts.state.md.us/attygrievance/commissionstaff Last accessed October 22, 2019.

41.     On September 30, 2014, Plaintiff replied to the MD A.G. Commission

letter of September 15, 2014 with a letter addressing the clear consensus of

appellate decisions "which ruled confidential attorney grievance proceedings to be

in violation of the FIRST AMENDMENT" and attached thereto: 1.  A nine page legal

memorandum written by Plaintiff on *The U.S. First Amendment and Secret*

*Attorney Grievance Commission Proceedings*; and, 2.  Copies of the six persuasive

cases (*In re Warner* (LA. 2009);  *R.M. v. Supreme Ct. of New Jersey*, (N.J. 2005);

*Doe v. Doe*, (Tenn. 2004);  *In re Petition of Brooks*, (N.H. 1996);  *Doe v. Supreme*

*Ct. of Florida,* (S.D. Fla. 1990);  and, *Landmark Communications, Inc. v. Virginia*,

(VA. 1978)) that establish clearly efforts to conduct secret attorney grievance

proceedings as unconstitutional violations of the FIRST AMENDMENT right to

freedom of speech.  Accordingly, Plaintiff "respectfully refuse[d] to participate in

any "PRIVATE AND CONFIDENTIAL" proceedings until the legality of

Maryland's confidential attorney grievance proceedings has been fully tested."

(Case 1:18-mc-00237, ECF: Document 5-6 Filed 04/22/18  Pages 9-10).

42.     On January 7, 2015, following the MD A.G. Commission's repeated

failure to acknowledge that its mandatory grievance process was constitutionally

flawed, Plaintiff, filed a *Petition for Writ of Prohibition and/or Mandamus or*

16

*Other Appropriate Relief* (hereinafter "*Petition for Writ of Prohibition*").   (Case

1:18-mc-00237,  ECF: Document 5-5 Filed 04/22/18).

43.     On January 23, 2015 the MD A.G. Commission replied succinctly to

the *Petition for Writ of Prohibition* with the following two paragraph "legal

analysis" that misstates the facts and fails to address the legal analysis provided in

Plaintiff's  *Petition for Writ of Prohibition*:

> The Petitioner here complains that MARYLAND RULE 16-723 violates
> his constitutional right to free speech and he objects to participating in any
> "secret proceedings." The Petitioner is not required to participate in any
> "secret proceedings." Pursuant to MARYLAND RULE 16-723(f)(1), he may
> waive confidentiality of Bar Counsel's investigation. Bar Counsel has invited
> Petitioner to provide a written waiver of confidentiality on numerous
> occasions. He has refused and provides no basis to support his failure to
> provide the requested waiver and respond to Bar Counsel's requests for
> information.

> The Petitioner next argues that participation in a peer review hearing
> pursuant to MARYLAND RULE 16-742 would run afoul of his constitutional
> rights. Again, an alternative remedy exists and the relief he requests should
> be denied. The peer review process is voluntary and the Petitioner is not
> required to participate. Because of the absolute confidentiality of peer
> review, the Petitioner's refusal to participate would not provide the basis for
> any additional violations of the Maryland Lawyers' Rules of Professional
> Conduct. If the Petitioner declines to voluntarily participate in the peer
> review process, the likely result would be that a Petition for Disciplinary or
> Remedial Action would be filed in this Court and the Petitioner would
> receive the public hearing he claims to desire.

From page 3 [Ex. 00084] of the Commission's *Response to Petition for Writ of*

*Prohibition.*  (Case 1:18-mc-00237, ECF: Document 5-6 Filed 04/22/18).

44.     On February 19, 2015 the Maryland Court of Appeals denied Plaintiff's *Petition for Writ of Prohibition* without legal analysis.  (Case 1:18-mc-00237, ECF: Document 5-7 Filed 04/22/18 Pages 2-3).

45.     On March 14, 15, 16, 17; April 1, 4, 5; and, May 5, 6, 9, 10, 11, l3, 19, 20 and 24, 2016 a trial was held before Judge Silkworth of the Circuit Court for Anne Arundel County.  During that trial, Plaintiff repeatedly raised the FIRST AMENDMENT constitutional question regarding the mandatory "<u>PRIVATE AND CONFIDENTIAL</u>" disciplinary proceedings via court filings, oral argument and sworn testimony.  (Exhibit Hearing Transcript Excerpts – Case 1:18-mc-00237, ECF: Document 5-8 Filed 04/22/18 Pages 2-85)

46.     On October 7, 2016 Judge Silkworth filed his *Findings of Fact and Conclusions of Law*.  The Circuit Court found "that the Respondents, Susan Baker Gray and Allen Ray Dyer, have not violated the Maryland Rules of Professional Conduct during the course of representation in the matters referenced above."

47.     On January 5, 2017 the Maryland Court of Appeals held oral argument in  *Atty. Griev. Comm'n v. Dyer*.

**MD Court of Appeals Fails to Provide FIRST AMENDMENT Analysis**

48.     On June 23, 2017 the Maryland Court of Appeals filed *Atty. Griev. Comm'n v. Dyer*, 453 Md. 585 (2017), however, the opinion failed to respond to

Appellant's continuing constitutional challenge to mandated confidential/secret

proceedings.  Instead, the Court of Appeals found, while failing to address properly

the subject of mandated confidentiality:

> [W]hen [opposing counsel] filed his complaints against
> Respondents in the middle of this contentious litigation, [Plainiff]
> Dyer failed to respond substantively to Bar Counsel's lawful request
> for information concerning his position on the allegations in the
> complaint against him.  Instead, he simply challenged Bar Counsel's
> authority to conduct a "confidential" investigation and refused "to
> participate in secret attorney grievance proceedings" on FIRST
> AMENDMENT grounds.

453 Md. at 597.  And, "[Appellant] Dyer failed to respond substantively to

Bar Counsel's lawful request for information..."  453 Md. at 597.

**U.S. Supreme Court *Certiorari* Sought & Denied**

49.    On September 21, 2017, Appellant filed a *Petition for Writ of

Certiorari* with the Supreme Court seeking review of the June 23, 2017 *Dyer*

opinion.  (Case 1:18-mc-00237, ECF: Document 5-15 Filed 04/22/18).

50.    On December 4, 2017, the U.S. Supreme Court denied Appellant's

*Petition for Writ of Certiorari* without comment.

**First U.S. District Court Order of Reprimand & 4th Circuit Court Appeal**

51.    On March 20, 2018, after Dyer disclosed the state court's order of

reprimand to the U.S. District Court for Maryland, Defendant James K. Bredar,

Chief District Judge, ordered Dyer to show cause (Case 1:18-mc-00237, ECF:

Document 2) [Exhibit A, X0001] why it should not take reciprocal disciplinary action.  *See* D. Md. Adm. R., Rule 705.3(a), (b)(iii) ("LAR").

52.     On April 22, 2018, in his response to the show cause order, (Case 1:18-mc-00237, ECF: Document 5 Filed 04/22/18) [X0002–X0016] and selected attachments, Plaintiff Dyer again asserted his free speech challenge to the state and federal confidentiality rules:

> 3.     **Federal Disciplinary Jurisdiction Questioned** — Given the uncontested operative facts in the underlying matter, [Plaintiff] expressly challenges the disciplinary jurisdiction of this Court (Local Rules 703; 705.1.f) to impose discipline on [Plaintiff] because such judicial action would be in violation of the FIRST AMENDMENT and, thus, beyond the Court's jurisdiction to impose discipline.  U.S. District Court of Maryland LOCAL RULE 705.1.f. reads:

>> f) Confidentiality

>> Proceedings under L. R. 705.1 shall be confidential unless otherwise ordered in a final order in a disciplinary proceeding, except that any opinion and order entered by the Court disbarring, suspending, or publicly reprimanding an attorney-respondent shall be placed on the public record, along with any panel's report and recommendation and exhibits, but only if said exhibits are expressly incorporated into the final order.  An attorney-investigator's report and supporting materials shall not be publicly disclosed without prior approval by the Disciplinary and Admissions Committee.[2]

(Case 1:18-mc-00237, ECF: Document 5 Filed 04/22/18 Page 2 of 15)

[X0003].

---

[2]  U.S. District Court of Maryland Local Rules (July 1, 2016).

53.     On April 22, 2018, as part of his response to the show cause order,

Plaintiff included a *Request for Adversarial Response and Oral Argument*,

pursuant to Local Rule 7.105.1(d), because:

> [Plaintiff] believes the Court's decision-making process would be
> significantly aided by adversarial written and oral argument. Thus,
> [Plaintiff] asks the Court to appoint an attorney-investigator, as provided
> by L.R. 705.1.b &d, to provide a responsive defense of the mandatory
> confidentiality contained in the Maryland disciplinary rules (Md. Rule
> 19-707. Confidentiality) and the U.S. District Court for Maryland
> disciplinary rules  (L.R. 705.1.f.  Confidentiality).

(Case 1:18-mc-00237, ECF: Document 5 Filed 04/22/18 Page 13) [X0014].

54.     On May 10, 2018, Defendant Bredar, Chief District Judge, issued a

one page Order of Reciprocal Reprimand. (Case 1:18-mc-00237, ECF:Document 6

Filed 05/10/18)  [Exhibit C, X0017] that failed to address Plaintiff's *Request for

Adversarial Response and Oral Argument* as well as failing to address Plaintiff's

challenge to the disciplinary jurisdiction of the District Court (Local Rules 703;

705.1.f) to impose discipline on Plaintiff because such judicial action would be in

violation of the FIRST AMENDMENT and, thus, beyond the Court's jurisdiction to

impose administrative discipline.

55.     On June 6, 2018, Plantiff appealed to the Fourth Circuit Court.

56.     On November 9, 2018, the Fourth Circuit Court, via an unpublished

*per curiam* opinion, vacated and remanded the district court's May 10, 2018 Order

because, *inter alia*:

> "The district court, [...], did not provide any explanation for its finding
> that a reciprocal reprimand was warranted or explicitly address Dyer's
> constitutional claim such that this court could conduct meaningful
> appellate review."

USCA4 Appeal: 18-1645, Doc: 21 [Exhibit E, X0062–X0064].

**Second District Court Order of Reprimand & 4th Circuit Court Appeal**

57.     On January 9, 2019, Defendant Bredar, Chief District Judge, issued a

revised one and a half page *Order of Reprimand* with some explanation, but again,

Defendant Bredar failed to address Plaintiff's request for adversarial hearing and

failed to address the federal jurisdiction issue raised by Plaintiff.  (Case

1:18-mc-00237, ECF: Document 12) [Exhibit F, X0065–X0066].

58.     On Feb. 6, 2019, Plaintiff again appealed to the U, S. Court of

Appeals for the Fourth Circuit.

59.     On September 5, 2019, a U.S. Court of Appeals of the Fourth Circuit

panel, consisting of Defendant **DIANA JANE GRIBBON MOTZ**, Defendant

**BARBARA MILANO KEENAN** and Defendant **WILLIAM BYRD TRAXLER JR.**, ruled:

> We have reviewed the record and conclude that the district court did not
> abuse its discretion in imposing reciprocal discipline. *See In re Morrissey*,

305 F.3d 211, 217 (4th Cir. 2002); *In re Fallin*, 255 F.3d 195, 197 (4th Cir. 2001). Accordingly, we affirm for the reasons stated by the district court.

(USCA4 Appeal: 19-1163, Doc: 16) [Exhibit H, X0129–X0130].  Defendant

Circuit Court Judges **MOTZ, KEENAN**, and **TRAXLER** failed to address the federal

jurisdiction issue repeatedly raised by Plaintiff and, thereby, violated Plaintiff's

FIRST AMENDMENT rights.

60.     As a direct and proximate result of the violation of Plaintiff's UNITED

STATES CONSTITUTIONAL rights by the Defendants, Plaintiff suffered and continues

to suffer general and special damages as alleged in this *Verified Complaint*.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

Violation of the Free Speech Clause
of the FIRST AMENDMENT to the UNITED STATES CONSTITUTION

61.     Plaintiff incorporates by reference all preceding paragraphs as if fully

restated here.

62.     The Defendants' administrative discipline of Plaintiff, based solely on

Plaintiff's principled refusal to participate in mandated confidential disciplinary

proceedings, is an unconstitutional abridgment *prima facie*, and as applied or

threatened to be applied, of the Plaintiff's affirmative rights to freedom of speech

under the UNITED STATES CONSTITUTION, FIRST AMENDMENT.

63.     The Defendants' administrative enforcement of the Maryland Court of Appeals and/or U.S. District Court "ethics" provisions requiring mandatory confidentiality of "ethics" proceedings, as applied or threatened to be applied, are content-based and viewpoint-based restrictions on speech.

64.     The Maryland Court of Appeals and/or U.S. District Court "ethics" provisions requiring mandatory confidentiality of "ethics" proceedings on their face, and as-applied, are an unconstitutional abridgment of Plaintiff's free speech because they: 1) are content-based speech restrictions; 2) are viewpoint-based restrictions on speech; 3) are overbroad; 4) are over-inclusive; 5) compel the Plaintiff to abridge or avoid full discussions about his political beliefs; 6) forces Plaintiff to engage in self-censorship; and, 7) builds a wall of silence between Plaintiff and Plaintiff's clients on matters relevant to the legal services provided by Plaintiff to his clients.

65.     The Defendants' interpretation and application of federal and Maryland statutes, court opinions, policies and practices, as applied or threatened to be applied, are unconstitutionally overbroad restrictions on expressive activity.

66.     The Defendants' interpretation and application of Maryland statutes, court opinions, policies and practices, as applied or threatened to be applied, are unconstitutionally vague restrictions on expressive activity.

24

67.     Political speech is fully protected by the FIRST AMENDMENT.

**The Disciplinary Confidentiality Rules of the U.S. District Court for Maryland are Content-Based**

68.     The speech ban is a content-based speech restriction.

69.     Content-based speech restrictions are presumptively unconstitutional and can survive only if they serve a compelling government interest that is advanced in the least restrictive means available.

70.     The government has no compelling government interest that justifies punishing Plaintiff's protected political speech.

71.     Any interest the Defendants or the government may have in punishing Plaintiff's protected political speech is not advanced in the least restrictive means available.

**The Disciplinary Confidentiality Rules of the U.S. District Court for Maryland are Viewpoint-Based**

72.     Neither the Defendants nor the government may punish protected speech on the basis of its viewpoint, absent a compelling governmental interest that is advanced in the least restrictive means available.

73.     Neither the Defendants nor the government has a compelling government interest to justify punishing the Plaintiff's protected speech based on its viewpoint.

74.     Any interest the Defendants or the government may have in punishing Plaintiff's protected speech based on viewpoint is not advanced in the least restrictive means available.

**The Disciplinary Confidentiality Rules of the U.S. District Court for Maryland Impose Overbroad Restrictions on Speech**

75.     The disciplinary confidentiality rules of the U.S. District Court for Maryland are unconstitutionally overbroad on their face because they burden substantially more protected speech than could be justified by any compelling government interest.

76.     Neither the Defendants nor the Government may achieve its purposes by means which sweep unnecessarily broadly and thereby invade citizens' protected freedoms.

77.     Because the speech ban contained in the Disciplinary Confidentiality Rules of the U.S. District Court for Maryland can be used to punish a wide swath of protected speech without constitutional justification, it is an unconstitutional regulation of speech and is facially void.

**The Disciplinary Confidentiality Rules of the U.S. District Court for Maryland Impose Over-Inclusive Restrictions on Speech**

78.     The government bears the burden of showing that the speech ban contained within the disciplinary confidentiality rules of the U.S. District Court for

Maryland does not substantially burden more speech than is necessary to achieve a stated purpose.

79.     Neither the government nor the Defendants, however, can carry its burden because the speech ban in the U.S. District Court for Maryland Disciplinary Confidentiality Rules is not narrowly tailored to achieve any stated purpose at all. In fact, the speech ban prohibits all speech in certain disciplinary proceedings without any purpose stated within the local rules of either court governing enforcement of confidentiality.

80.     The speech ban is facially invalid and the government cannot demonstrate a compelling interest and that the speech ban is advanced in the least restrictive means available.

**The Disciplinary Confidentiality Rules of the U.S. District Court for Maryland Violate the Compelled Speech Doctrine**

81.     Government-compelled speech is *per se* unconstitutional.

82.     The government lacks a compelling interest to force the Plaintiff to communicate its censored messages to Plaintiff's clients and the public, nor does the compulsion of speech serve any interest the government may possess in the least restrictive means available.

**The Disciplinary Confidentiality Rules of the Maryland Court of Appeals and the U.S. District Court for Maryland Result in Self-Censored Speech.**

83.     Plaintiff is objectively, reasonably chilled from exercising his FIRST AMENDMENT right to free speech due to the risk of the Defendants' enforcement of the disciplinary confidentiality rules of the Maryland Court of Appeals and the U.S. District Court for Maryland and the substantial penalties available under both.

84.     Plaintiff's free speech rights are violated by the disciplinary confidentiality rules of the Maryland Court of Appeals and the U.S. District Court for Maryland, on their face, and as applied to the Plaintiff.

WHEREFORE Plaintiff seeks relief as set forth below.

## SECOND CAUSE OF ACTION

Violation of the Right to Expressive Association
of the FIRST AMENDMENT to the UNITED STATES CONSTITUTION

85.     Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

86.     Plaintiff engages in extensive expressive activity when supporting the rights of clients seeking to secure governmental change via referenda and petitions to governmental bodies; in fact, the disciplinary action threatened by Defendants is rooted in the political brouhaha surrounding a referendum seeking to reverse actions taken by the Howard County, Maryland, local government.

87.     Plaintiff provided legal services to members of the public that engaged in fellowship, discussion, mutual encouragement, and other political speech in support of a petition for referendum on local government actions.

88.      Plaintiff's clients often have strong political positions that conflict with other voters and economic interests.  As such, full and open political discussions, and the ensuing litigation in support of efforts to impact the government, require unrestricted communal expression in support of the cacophony of democracy.

89.      Forcing Plaintiff to restrict the flow of information to his clients would substantially burden Plaintiff's right to associate with clients for the purpose of promoting political change.

90.     The government has no compelling interest—unrelated to the suppression of ideas—that is served by infringing upon Plaintiff's expressive associational rights, nor can any such interest be achieved by the least restrictive means available.

91.     Accordingly, Plaintiff's FIRST AMENDMENT right to expressive association prohibits the government from imposing speech bans such as the disciplinary confidentiality rules of the Maryland Court of Appeals and the U.S. District Court for Maryland.

92.     WHEREFORE Plaintiff seeks relief as set forth below.

**Declaratory Relief Allegations**

93.     Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

94.     An actual and substantial controversy exists between Plaintiff and Defendants as to their respective legal rights and duties.  Plaintiff contends that both on their face and as applied to Plaintiff, the challenged administrative adjudication and removal process of elected public officials constitutes an ongoing intimidation and suppression of political speech.

95.     An actual and substantial controversy exists between Plaintiff and Defendants as to their respective legal rights and duties.  Plaintiff contends that both on its face and as applied to Plaintiff, the challenged confidential administrative enforcement and removal process of attorneys serving in the U.S. District Court for Maryland and the U.S. Court of Appeals for the Fourth Circuit constitutes unconstitutional interference with the rights of lawyers to serve and protect the U.S. CONSTITUTION via provision of legal services to the people.

96.     Accordingly, declaratory relief pursuant to 28 U.S.C. § 2201 is appropriate.

97.     WHEREFORE Plaintiff seeks relief as set forth below.

## REQUESTS FOR RELIEF

WHEREFORE Plaintiff sues for relief as set forth below:

### Declaratory Relief

98.     Based upon the consideration of Plaintiff's initial *Response to the Court's Order to Show Cause and Notice of Constitutional Challenge and Request for Adversarial Written and Oral Argument* and supporting exhibits initially provided to Defendant James K. Bredar, Chief District Judge, U.S. District Court for Maryland, Plaintiff respectfully requests the Court to provide a strict scrutiny analysis of Plaintiff's constitutional challenge as part of its decision in this matter; and,

99.     **Order and Declare** Defendants exceeded their United States Constitutional and statutory authority when they attempted to create and administer and enforce court rules mandating attorney participation in confidential disciplinary proceedings.

100.     **Order and Declare** any action by Defendants to reprimand Plaintiff based on failure to participate in mandatory confidential attorney disciplinary proceedings illegal or unlawful, overruled and voided for lack of jurisdiction.

101.     **Order and Declare** Plaintiff be awarded reimbursement from Defendants for filing fees and court costs (not including attorney fees) associated

with this Complaint against Defendants as well as filing fees and court costs (not

including attorney fees) associated with the two U.S. Court of Appeals for the

Fourth Circuit appeals (4CCA Appeal No. 18-1645 & 4CCA Appeal No. 19-1163)

resulting from the Show Cause proceeding (Case No. 1:18-mc-00237) against

Plaintiff.

102.    Grant such other and further declaratory relief that the nature of this

cause requires and as may be required in the interests of justice.

### Verification

I, Allen Ray Dyer, verify under penalty of perjury that I have read the above

complaint and its contents.  I also verify that, to the best of my knowledge and

recollection, the matters stated in the complaint are true and correct.

Executed this 22nd day of October, 2019.

By:   s/ Allen R. Dyer
Allen R. Dyer

Respectfully submitted,
October 22, 2019

By:   s/ Allen R. Dyer
Allen R. Dyer, Esquire
(Fed. Dist. Bar No. 19624)
(Fed 4th Cir. Bar No. 8361)
Complainant *Pro Se*

13340 Hunt Ridge
Ellicott City, MD  21042
(410) 531-3965 / aldyer@lawlab.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

## Allen R. Dyer v. James K. Bredar, *et al.*

Civil Action No.: _____

# List of Exhibits

Exhibit A  Mar. 20, 2018  Show Cause Order  . . . . . . . . . . . . . . . .  X0001
(Case 1:18-mc-00237, Document 2)

Exhibit B  Apr. 22, 2018  Response to Court's Order to Show Cause
& Request for Adversarial Written & Oral Argument  .  X0002–X0016
(Case 1:18-mc-00237, Document 5)

Exhibit C  May 10, 2018 Order of Reciprocal Reprimand . . . . . . .  X0017
(Case 1:18-mc-00237, Document 6)

Exhibit D  Jul. 31, 2018 Brief of Appellant Allen R. Dyer  . . . . . .  X0018–X0061
(USCA4  Appeal: 18-1645 Doc: 15)

Exhibit E  Nov. 09, 2018 USCA4 Reprimand Vacated/Remanded  X0062–X0064
(USCA4 Appeal: 18-1645 Doc: 21)

Exhibit F  Jan. 09, 2019 Order of Reciprocal Reprimand  . . . . . . .  X0065–X0066
(Case 1:18-mc-00237, Document 12)

Exhibit G  Apr. 24, 2019 Brief of Appellant Allen Ray Dyer  . . . .  X0067–X0128
(USCA4 Appeal: 19-1163 Doc: 12)

Exhibit H  Sep. 05, 2019 USCA4 Reprimand Affirmed . . . . . . . . .  X0129–X0130
(USCA4 Appeal: 19-1163 Doc: 16)